**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MEGASUN, INC.,                                  )
          PLAINTIFF,                          )
                                  )

VS.                                             ) Cause No:

                                  )
KBL AMERICA, INC.,                              )
          DEFENDANT.                          )

Serve:

KBL America, Inc.
BCRA Co.
221 Boliver Ste. 101
Jefferson City, MO 65101

KBL America, Inc
1324 Washington Ave.
Suite #330
St. Louis, MO 63103

## COMPLAINT

       Plaintiff, MEGASUN, INC.. hereby files this Complaint on personal knowledge as to its

activities and on information and belief as to the activities of others:

### Introduction

       MEGASUN, INC., a tanning bed manufacturing company, is a company that was built

and created by Ronald Poe in 1994. Since its creation MEGASUN has become an industry leader

not only in the manufacturing of tanning beds but also in the manufacturing of tanning booths.

## The Parties

1.     Plaintiff,  MEGASUN, INC.. is a corporation organized and existing under the laws of
       the State of Missouri, with its principal place of business located at 4515 Miami Street,
       St. Louis, Missouri.

2.     Defendant KBL AMERICA, INC., is a Missouri corporation in good standing doing with
       its principal place of business located at 1324 Washington Avenue, St. Louis, Missouri
       63103.

## Jurisdiction and Venue

3.     This is a complaint for trademark infringement, trademark dilution, and unfair
       competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.,* as
       amended (the "Lanham Act"), for common law trademark infringement and unfair
       competition and for trademark dilution under the laws of the State of Missouri.

4.     This court has original subject matter jurisdiction over Plaintiff's claims pursuant to
       jurisdiction over state law claims under 28 U.S.C. §§ 1331 and 1338  and 15 U.S.C. §§
       1116 and 1121. This Court has supplemental jurisdiction over state law claims under 28
       U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendant in that they do business and reside in
       the State of Missouri and in this District.

6.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 in that Defendant is
       subject to personal jurisdiction in this judicial district, and this is the District in which
       events giving rise to the claims hereinafter set forth occurred.

Background Facts

**MEGASUN, INC. Trademarks and Products**

7. MEGASUN, INC., a tanning bed manufacturing company, is a company that was built and created by Ronald Poe in 1994. Since its creation MEGASUN has become an industry leader not only in the manufacturing of tanning beds but also in the manufacturing of tanning booths.

8. MEGASUN, INC., has sold high quality tanning beds and tanning booths (Infringing Products) using the MEGASUN, INC. Trademark for more than 15 years. The continuous and broad use of trademark and trade name associated with MEGASUN, INC. during this time enabled Plaintiff to achieve wide recognition across throughout the United States and Canada under the MEGASUN, INC. trademark in the tanning bed and tanning booth markets.

9. MEGASUN, INC..is the owner of the entire right, title and interest in and to, *inter alia,* the following federally registered trademark and/or service mark: MEGASUN.

10. Attached to this complaint as **Exhibit A** are true copies of printouts from the United States Patent and Trademark Office ("USPTO") website evidencing Plaintiff's ownership of the above trademark. All of the registrations in Exhibit A are valid, subsisting, unrevoked and current. MEGASUN, INC. also owns common law rights in this trademark in connection with tanning beds and tanning booths.

11. MEGASUN, INC. maintains quality control standards for all of MEGASUN, INC. products that are sold and distributed throughout the United States and Canada.

12.     The MEGASUN, INC. trademark is featured prominently in the advertising and
        promotion of MEGASUN products. MEGASUN, INC. has spent tens of thousands of
        dollars advertising and marketing its products.

                                    **Defendant's Conduct**

13.     Sometime prior to January 12, 2010 Plaintiff became aware that the Defendant was
        marketing, promoting, advertising, distributing and selling tanning beds using Plaintiff's
        trademark MEGASUN, and that Defendant had and continues to have a dealership
        relationship with KBL-Solarien AG, a German company that manufactures, distributes
        and sells tanning beds and tanning booths in the United States using Plaintiff's trademark.

14.     That KBL-Solarien AG website prominently uses Plaintiff's trademark, MEGASUN, in
        the marketing, promoting, advertising, distributing and selling tanning beds on its web
        sites and elsewhere: http://www.megasun.de/megasun/.

        http://www.megasun.de/megasun/index.php?monamie-en.  and

        http://www.megasun.de/megasun/index.php?dealer-list-

        en&PHPSESSID=8cd925e6f9d8b7c16ec4919aa9a3169e.  To add insult to injury
        Defendant has misappropriated and infringed upon Plaintiff's trademark by placing a
        billboard in Plaintiff's backyard in which Plaintiff's trademark is incorporated. (See
        Plaintiff's **Exhibit B**-a photograph of defendant's billboard that is located on Highway 64
        in St. Clair County, Illinois.

15.     On January 12, 2010, counsel for Plaintiff sent a letter to Defendant requesting, inter alia,
        that it stop using Plaintiff's trademark, MEGASUN. A copy of Plaintiff's counsel's letter
        to the Defendant is annexed hereto as **Exhibit C** .

                                            4

Case 4:10-cv-01752-SNLJ Document 1 Filed 09/17/10 Page 5 of 27

16.     In spite of Plaintiff's request that it cease and desist using Plaintiff's trademark,
        Defendant continues to knowingly manufacture and/or advertised, and/or offered for sale,
        sold and distribut the Infringing Products bearing Plaintiff's Infringing Trademark in
        interstate, intrastate and foreign commerce, including commerce in the State of Missouri
        and in this judicial district. Defendant has also knowingly advertised and promoted the
        Infringing Products using the Infringing Trademark on Defendant's bill board and by
        prominently displaying the Infringing Products in its advertisements, web sites and
        promotional literature.

17.     That the use by Defendant of the Infringing Trademark on or in connection with the
        manufacturing, advertising, offering for sale, sale and distribution of the Infringing
        Products is likely to cause confusion, or to cause mistake or to deceive.

18.     Defendant is not authorized by Plaintiff to manufacture, advertise, distribute, sell or
        offer to sell products bearing the MEGASUN Trademark.

19.     Upon information and belief, the Infringing trademarks are being used by Defendant to
        mislead, deceive, and draw customers to the Infringing Products and away from
        Plaintiff's authentic products.


## FIRST CLAIM FOR RELIEF

(Trademark Infringement – 15 U.S.C. § 1114)


20.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this
        Complaint as if fully set forth herein.

5

21. The MEGASUN, INC. Trademark and the goodwill of the businesses associated with it in the United States is of great and significant value, are highly distinctive and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in MEGASUN, INC.

22. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known, famous, and prior right in the MEGASUN, INC. Trademark Defendant has intentionally and knowingly advertised, manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

23. Defendant's use of the Infringing Trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's Infringing Products, and is likely to deceive the public into believing the Infringing Products sold by Defendant originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

24. Defendant's use of the Infringing Trademark to advertise, manufacture, distribute, offer for sale and/or sell the Infringing Products to the consuming public was done with the willful intent to trade on Plaintiff's reputation and/or to infringe the MEGASUN, INC. Trademark.

25. Defendant's use of the Infringing Trademark is likely to cause initial confusion, mistake and deception among consumers who are drawn to the Infringing Products believing they originate from, are associated with or are otherwise authorized by Plaintiff, even if such consumers do not purchase Defendant's Infringing Products as a result of such confusion.

6

26. Defendant's use of the Infringing Trademark is likely to cause and is causing post-sale confusion, mistake and deception among prospective consumers who did not purchase the Infringing Products, but view them and believe the products bearing the Infringing Trademark sold by Defendant originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

27. Plaintiff does not have an adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

28. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## SECOND CLAIM FOR RELIEF

(Federal Trademark Dilution – 15 U.S.C. § 1125(c))

29. Plaintiff hereby re-alleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

30. The MEGASUN, INC. Trademark is a "famous mark" within the meaning of § 43 (C) of the Lanham Act, 15 U.S.C. § 1125 (C) and has been a famous mark prior to Defendant's conduct as alleged herein.

31. Defendant's advertisement, manufacture, distribution, sale and/or offer for sale in commerce of products bearing the Infringing Trademark is likely to cause dilution by blurring, and/or dilution by tarnishment, of the distinctive quality of the MEGASUN,

7

INC. Trademark, and was done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the MEGASUN, INC. Trademark.

32.  Defendant's unauthorized use of the MEGASUN, INC. Trademark was done with notice and full knowledge that such manufacture, distribution, sale and/or offer for sale was not authorized or licensed by Plaintiff.

33.  Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under section 43(C) of the Lanham Act, 15 U.S.C. § 1125(c).

34.  Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

35.  As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## THIRD CLAIM FOR RELIEF

(False Designation of Origin – 15 U.S.C. § 1125(a) )

36.  Plaintiff hereby re-alleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

37.  The Infringing Products are of the same general nature and type as Plaintiff's goods; as such, Defendant's use of the Infringing Trademark is likely to cause confusion among the general purchasing public.

38.  By misappropriating and using the MEGASUN, INC. Trademark, Defendant misrepresents and falsely describes to the general public the origin and source of Defendant's Infringing Products and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

8

39.    Defendant's unlawful, unauthorized and unlicensed manufacturing, advertising,
       distributing, offering for sale and/or selling of the Infringing Products creates express and
       implied misrepresentations that the Infringing Products were created, authorized or
       approved by Plaintiff, all to Defendant' profit and Plaintiff's great damage and injury.

40.    Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C.
       § 1125(a), in that Defendant' use of the MEGASUN, INC. Trademark, in connection
       with the Infringing Products, in interstate commerce constitutes false designation of
       origin and unfair competition.

41.    Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined,
       Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

42.    As a result of Defendant's activities, Plaintiff has been damaged in an amount to be
       ascertained at trial.

## FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

43.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the
       proceeding paragraphs of this Compliant.

44.    As a result of Plaintiff's hard work in producing, providing and promoting MEGASUN,
       INC, products, Plaintiff has built-up valuable good will in the MEGASUN, INC.
       Trademark and, as such, the MEGASUN, INC. Trademark has become associated
       with the reputation for quality and excellence of the MEGASUN products.

9

45.   Defendant, with full knowledge of the fame of the MEGASUN, INC. Trademark,
       intended to and did trade on the goodwill associated with the MEGASUN, INC.
       Trademark.

46.   Defendant's acts have mislead and continue to mislead and deceive the public as to the
       source of the Infringing Products, permit and accomplish palming off of Defendant's
       goods as those of Plaintiff, and falsely suggest a connection with Plaintiff. Therefore,
       Defendant has committed unfair competition in violation of state common law.

47.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage to
       its valuable trademark in an amount to be ascertained at trial.

48.   Plaintiff does not have an adequate remedy at law, and will continue to be damaged by
       Defendant's sale of the Infringing Products unless this Court enjoins Defendant from
       such fraudulent business practices.

## SIXTH CLAIM FOR RELIEF

(Violation of Missouri Anti-Dilution Statute – MO. Rev. Stat. Chapter 417.061)

49.   Plaintiff hereby realleges and incorporates by reference the preceding allegations of this
       Complaint as if fully set forth herein.

50.   The MEGASUN, INC. Trademark is a distinctive mark within the meaning of Chapter
       417 of the Missouri Revised Statutes and has been a distinctive and famous mark since
       prior to Defendant's conduct as alleged herein.

51.   Defendant's advertisement, manufacture, distribution, sale and/or offer for sale in
       commerce of products bearing the Infringing Trademark dilutes the distinctive quality of
       the MEGASUN, INC. Trademark, and was and is being done with the willful intent to

trade on Plaintiff's reputation and/or to cause dilution of the MEGASUN, INC.

Trademark.

52.     Defendant's unauthorized use of the MEGASUN, INC. Trademark was and is being

        done with notice and full knowledge that such manufacture, distribution, sale and/or offer

        for sale was not authorized or licensed by Plaintiff.

53.     Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under

        Chapter 417.061 of the Missouri Revised Statutes.

54.     Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined,

        will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

## PRAYER FOR RELIEF

        WHEREFORE, MEGASUN, INC. respectfully requests entry of judgment in its favor

and against Defendant on all of the above causes of action as follows:

1.      That this Court preliminarily and permanently enjoin Defendant, its officers, agents,

servants, employees, attorneys and all persons in active concert or participation with any of

them:

        a.      From using in any manner the MEGASUN, INC. Trademark, or any other

designation that is confusingly similar to MEGASUN, INC. or any of MEGASUN, INC.'s mark,

including, but not limited to the Infringing Trademark, as to be likely to cause confusion,

deception or mistake on or in connection with the manufacturing, advertising, distributing,

offering for sale or selling of any product not Plaintiff's, or not authorized by Plaintiff to be sold

in connection with each of Plaintiff's products or is likely to dilute the MEGASUN, INC.

Trademark;

b.      From passing off, inducing or enabling others to sell or pass off, any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff for sale under the MEGASUN, INC. Trademark;

c.      From committing any acts calculated to cause purchasers to believe that the Infringing Products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.      From further diluting and infringing the MEGASUN, INC. Trademark, and damaging Plaintiff's goodwill;

e.      From otherwise competing unfairly with Plaintiff in any manner; and

f.      From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

2.      That this Court enter a judgment finding that Defendant has infringed, and willfully infringed on the MEGASUN, INC. Trademark.

3.      That this Court enter a judgment finding that Defendant has infringed, and will fully diluted, the MEGASUN, INC. Trademark.

4.      That this Court enter a judgment finding that Defendant's use of the Infringing Trademark has caused and/or are likely to cause confusion among the general purchasing public as to the source of origin of the Infringing Products.

5.      That this court enter a judgment finding that Defendant's use of the Infringing Trademark has caused and/or is likely to cause initial interest and post-sale confusion  among the general purchasing public as to the source of origin of the Infringing Products.

6.       That this Court certify the above orders to the Director of the United States Patent and

Trademark Office so the Director may make the appropriate entry upon the records of the Patent

and Trademark Office pursuant to the Lanham Act, 15 U.S.C. § 1119.

7.       That this Court order Defendant to deliver up for destruction or show proof of destruction

of any and all products, advertisements, publications, labels and any other materials in its

possession, custody, or control that depict or reference the trademark covered by this Court's

judgment;

8.       That this Court order Defendant to file with this Court and to serve upon Plaintiff a report

in writing and under oath setting forth in detail the manner and form in which Defendant has

complied with any injunction resulting from this matter within thirty days  after service of such

injunction.

9.       That this court award MEGASUN, INC. such damages, compensatory and otherwise, as

the proof may show.

10.      That this Court award MEGASUN, INC. its reasonable attorneys' fees and costs incurred

in connection with this action.

11.      That this Court grant such other and further relief as this Court may deem just, proper and

equitable under the circumstances.

Kenneth A. Leeds   #8606
7529 Wellington Way
St. Louis, Missouri 63105
314-726-5555
314-725-3012(Fax)
kleeds41@aol.com

13



**NOTICE OF ACCEPTANCE OF §8
DECLARATION AND §9 RENEWAL
MAILING DATE: Dec 29, 2008**

The declaration and renewal application filed in connection with the
registration identified below meets the requirements of Sections 8 and 9 of
the Trademark Act, 15 U.S.C. §§1058 and 1059. The declaration is
accepted and renewal is granted. The registration remains in force.

For further information about this notice, visit our website at:
http://www.uspto.gov. To review information regarding the referenced
registration, go to http://tarr.uspto.gov/.

```
REG NUMBER:  2295697
MARK:        MEGASUN
OWNER:       MegaSun, Inc.
```

EXHIBIT A

## Susan M

| | |
|---|---|
| From: | teas@uspto.gov |
| Sent: | Monday, December 01, 2008 5:27 PM |
| To: | Susan M |
| Subject: | Received Your Combined Declaration of Use of Mark in Commerce and Application for Renewal of Registration of a Mark under Section 8 & 9 for registration number 2295697 |

We have received your Combined Sections 8 and 9 Declaration/Application for registration number '2295697'. A summary of your submission is listed below. If you determine that you made an error in the information you entered, **DO NOT** request any changes by e-mail, because the TEAS Support Team cannot make corrections. You may submit a new document and new fees, if time remains in the statutory period; however, the USPTO will not refund any fees paid as part of this current submission. For further information, please contact the Post Registration Division at (571) 272-9500, and ask to speak to an Affidavit Renewal Examiner. Or, see Chapter 1600 of the Trademark Manual of Examining Procedure, at http://tess2.uspto.gov/tmdb/tmep/1600.htm

**REGISTRATION NUMBER:** 2295697
**REGISTRATION DATE:** 11/30/1999

**MARK:** MEGASUN

The owner, MegaSun, Inc., having an address of 4515 Miami Street, St. Louis, Missouri, United States 63116, is filing a Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9.

For International Class 011, the mark is in use in commerce on or in connection with **all** goods or services listed in the existing registration for this specific class; or, the owner is making the listed excusable nonuse claim.

The owner is submitting one specimen showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Tanning Bed.
SPN0-70246220225-175358200_._megasun_tanning_bed.jpg

A fee payment in the amount of $500 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

**Declaration Signature**
Signature: /rsp/   Date: 12/01/2008
Signatory's Name: Ronald S. Poe
Signatory's Position: President

**NOTE:** If you would like to suggest additions or changes to the design search codes assigned to your mark,

1

please send an email to TMDesignCodeComments@USPTO.GOV (please include the registration number of your mark on ALL correspondence with the USPTO) or call 1-800-786-9199 to speak with a Customer Service Representative. No fee is necessary. The USPTO will review your request and update the record if appropriate. Design search codes are described on Internet Web page http://tess2.uspto.gov/tmdb/dscm/index.htm. You may review the USPTO-assigned design codes for your mark by retrieving current information about your mark in the TARR system at http://tarr.uspto.gov/ and looking under "Additional Information."

Thank you,

The TEAS support team
Mon Dec 01 18:26:54 EST 2008
STAMP: USPTO/S08N09-70.246.220.225-20081201182654948300-2295697-
400963ef1d6a1c4990eee4b539bef8bfda-CC-3833-20081201175358200500

# Your Combined Declaration of Use of Mark in Commerce and Application for Renewal of Registration of a Mark under Section 8 & 9 Was Submitted Successfully

## Success!

We have received your form for registration number 2295697. We will send an Email summary of the form to **"susan.m@megasun.com"**, which will be your official confirmation of receipt. For electronically-submitted forms, the USPTO will not mail any additional paper confirmation.

**NOTE**: Do **NOT** send a duplicate paper copy of this filing to the USPTO, as it will interfere with the proper processing of the electronic submission.

Thank you.

TEAS Support Team

**STAMP:** USPTO/S08N09-70.246.220.225-20081201182654948300-2295697-400963ef1d6a1c4990eee4b539bef8bfda-CC-3833-20081201175358200500



Trademark Electronic Application System (TEAS) service
U.S. Patent and Trademark Office
Please refer questions or comments to: teas@USPTO.gov

PTO Form 1583 (Rev 9/2006)
OMB No. 0651-0055 (Exp. 12/31/2008)

# Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 2295697 |
| **REGISTRATION DATE** | 11/30/1999 |
| **SERIAL NUMBER** | 75541427 |
| **MARK SECTION** | |
| **MARK** | MEGASUN |
| **OWNER SECTION (current)** | |
| **NAME** | MegaSun, Inc. |
| **STREET** | 4515 Miami Street |
| **CITY** | St. Louis |
| **STATE** | Missouri |
| **ZIP/POSTAL CODE** | 63116 |
| **COUNTRY** | United States |
| **GOODS AND/OR SERVICES SECTION** | |
| **INTERNATIONAL CLASS** | 011 |
| **GOODS OR SERVICES** | KEEP ALL LISTED |
| **SPECIMEN FILE NAME(S)** | SPN0-70246220225-175358200_._Trademark_bed_photo.jpg |
| **SPECIMEN DESCRIPTION** | Tanning Bed |
| **PAYMENT SECTION** | |
| **NUMBER OF CLASSES** | 1 |
| **NUMBER OF CLASSES PAID** | 1 |
| **SUBTOTAL AMOUNT** | 500 |
| **TOTAL FEE PAID** | 500 |

| SIGNATURE SECTION | |
|---|---|
| SIGNATURE | /rsp/ |
| SIGNATORY'S NAME | Ronald S. Poe |
| SIGNATORY'S POSITION | President |
| DATE SIGNED | 12/01/2008 |

Back



# Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9

Tanning Bed
**Specimen:**SPN0-70246220225-175358200_._Trademark_bed_photo.jpg
  SPN0-70246220225-175358200_._Trademark_bed_photo.jpg

Back

## Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9

### To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 2295697
**REGISTRATION DATE:** 11/30/1999

**MARK:** MEGASUN

The owner, MegaSun, Inc., having an address of 4515 Miami Street, St. Louis, Missouri, United States 63116, is filing a Combined Declaration of Use in Commerce & Application for Renewal of Registration of a Mark under Sections 8 & 9.

For International Class 011, the mark is in use in commerce on or in connection with **all** goods or services listed in the existing registration for this specific class; or, the owner is making the listed excusable nonuse claim.

The owner is submitting one specimen showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Tanning Bed.
Specimen-1 [SPN0-70246220225-175358200_._Trademark_bed_photo.jpg ]

A fee payment in the amount of $500 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

### Declaration

#### Section 8: Declaration of Use in Commerce
*Unless the owner has specifically claimed excusable non-use, the owner, or its related company, is using the mark in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.*

#### Section 9: Application for Renewal
*The registrant requests that the registration be renewed for the goods and/or services identified above.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Signature: /rsp/    Date: 12/01/2008
Signatory's Name: Ronald S. Poe
Signatory's Position: President

Back





EXHIBIT B2

# LISA T. THOMPSON, ESQ.
## Attorney and Counselor at Law

LISA T. THOMPSON
Direct Dial Number: (314) 809-9495
E-Mail: Lisathompsontwin@aol.com

4515 Miami Street
St. Louis, Missouri 63116
Telephone: (314) 809-9495
Facsimile: (636) 532-0468

January 12, 2010

**Via E-Mail: megasun@kbl.de**
**(Original to follow)**
**KBL –Solarien-Sunshine Company**
Attn: Klaus Lahr
Industriepark UrbacherWald
56307 Denbach/Deutschland

**Via E-Mail: info@kblsunbeds.com**
**(Original to follow)**
**KBL America**
1324 Washington Ave., Unit 330
St. Louis, Missouri 63103

**Mega Sun Tan Spa**
Attn: **Chris Hartman**
1246 Central Park Drive, Suite 1
O'Fallon, Illinois 62269

### Re: Infringement of Trademark Rights by "Mega Sun Tan Spa"

Dear Mr. Hartman:

This law firm represents MegaSun, Inc. in connection with its intellectual property rights. We are writing to you in connection with your activities at "Mega Sun Tan Spa," and associated websites and advertising wherein you have been marketing your products containing MegaSun, Inc.'s trademark/service mark "**MEGASUN©.**" The sale of your tanning beds or services with the **MegaSun** mark is unauthorized and unlawful, and we hereby demand that you cease and desist from all commercial promotion of any slogan that is confusingly similar or diluting of **MegaSun, Inc.'s** rights in its famous mark **"MegaSun©."**

In light of your willful infringement of MegaSun, Inc.'s rights, we assume that you already are familiar with the following information. Nevertheless, for the record, please be advised that MegaSun, Inc. is the owner of the mark **MegaSun©** in the United States and Canada, with the following formal trademark registrations:

**MEGASUN U.S. Reg. No. 2295697 (Class 11), Canada Reg. No. TMA 542435 (Class 40)**

EXHIBIT C

The **MegaSun©** mark has been used and promoted extensively for many years with **MegaSun, Inc.** having invested millions of dollars in advertising since 1994 in the promotion of these marks. As a result, the mark **MegaSun©** has become recognizable and famous with the promotion of the tanning bed and salon industry. In addition to the use of these marks on tanning beds and salons, these marks are also used to promote tanning products through display on all manner of ancillary goods from t-shirts to mugs.

MegaSun, Inc. considers your use of the mark "Mega Sun Tan Spa" to be a trademark infringement and also trademark dilution. The mark "Mega Sun Tan Spa" is an obvious attempt to call to mind MegaSun, Inc.'s famous mark **MegaSun©,** and it is clearly likely to cause confusion as to whether the products being offered by you under that mark are associated with or endorsed by or otherwise affiliated with MegaSun, Inc.'s long-established trademark within the tanning industry. Moreover, this mark damages MegaSun, Inc.'s rights in their trademark because your business name and advertising dilutes the distinctiveness of MegaSun's mark. \

In light of all this, MegaSun, Inc. hereby demands that you provide us written confirmation no later than January 20, 2010, that you have taken the following steps:

1. You have disabled or terminated all display and signage of "Mega Sun" at any website that you own or control.
2. You have requested the disabling or termination of any display of the mark "Mega Sun" at any website that you are associated with, but which you do not control.
3. You have destroyed all goods and any tangible promotional materials that bear the mark "Mega Sun."
4. You remove or have removed all "Mega Sun" signage and logos from your products or services immediately.
5. You remove or have removed the advertisements, billboards, or pamphlets with the mark "Mega Sun" that you have displayed anywhere in the United States or Canada.
6. You agree to never in the future to offer for sale or otherwise commercially promote any product or service under the slogan "Mega Sun."

In the event that you promptly comply with these demands, MegaSun, Inc. is willing to waive its various claims against you, which include, without limitation, trademark infringement, trademark dilution, and unfair completion. Please bear in mind that if you fail to comply with MegaSun Inc.'s demands herein, MegaSun, Inc. would otherwise be entitled to recover from you a judgment for all your profits in connection with any infringing sale as well as all of its reasonable attorney's fees and costs and a permanent injunction against you and anyone associated with you.

We trust that after you reviewed this matter, you will conclude that the better course is to promptly comply with MegaSun, Inc.'s demands herein. However, to the extent that you do not comply, please be advised that this letter is without prejudice to any rights or remedies that MegaSun, Inc. may have.

If you would like to discuss this matter, please do not hesitate to contact me. All correspondence in connection with this matter should be addressed to me.

Very truly yours,


Lisa T. Thompson
Attorney for MegaSun, Inc.

LTT
Enclosures