UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MEGASUN, INC.,            )
                          )
        Plaintiff,        )
                          )
    vs.                   )    Case No. 4:10CV1752SNLJ
                          )
KBL AMERICA, INC.,        )
                          )
        Defendant.        )

# MEMORANDUM

Plaintiff has filed this multicount action alleging trademark infringement, trademark dilution, and unfair competition under state and federal laws. This matter is before the Court on the defendant's motion to dismiss, or in the alternative, for summary judgment [8], filed October 20, 2010. All responsive pleadings have now been filed and the matter is ripe for disposition.

Plaintiff contends that a non-party defendant, KBL-Solarien AG (a German corporation), uses plaintiff's alleged trademark "MEGASUN" on its website. It further alleges that defendant KBL America, was marketing and selling tanning beds using the plaintiff's trademark MEGASUN via a "dealership relationship" with KBL-Solarien AG which manufactures, distributes and sells tanning bed and tanning booths in the United States using the plaintiff's trademark MEGASUN. Finally, plaintiff alleges that defendant erected a billboard (time-period unidentified) which displays plaintiff's trademark MEGASUN. Plaintiff seeks injunctive relief and damages.

Defendant contends that plaintiff's complaint must be dismissed for two (2) reasons: Firstly, non-party defendant KBL-Solarien AG and defendant are totally separate entities without any corporate overlap, and as plaintiff alleges, KBL-Solarien AG only maintains the subject website. Furthermore, KBL-Solarien AG is the record owner of trademark and service mark registrations for MEGASUN in various jurisdictions throughout the world, and uses such trademark through its German business enterprises. Defendant asserts that it never has manufactured, sold, or distributed for sale any sunbeds bearing the trademark MEGASUN within the United States; has only marketed such products under it own name, KBL America. Secondly, defendant contends that the offending billboard was subject to a 12-week lease that ended in

February 2010, and was not renewed. Furthermore, the tanning spa promoted by the billboard was, and has always, been operated under the name GLO SUN SPA. Thus, defendant contends that there is no case or controversy, this action is moot, and the Court lack subject matter jurisdiction. Defendant seeks dismissal pursuant to Rules 12(b)(6) and 12(b)(1) Fed.R.Civ.P., or in the alternative, summary judgment pursuant to Rule 56 Fed.R.Civ.P.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it

2

merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations.  Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982).  The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim.  A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.").

The purpose of a Rule 12(b)(1) motion is to allow a court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial."  Osborn v. United States, 918 F.2d. 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Johnson v. United States, 5334 F.3d. 958, 962 (8th Cir. 2008) quoting Williamson v. Tucker, 645 F.2d. 404, 413 (5th Cir. 1981); Hartford Accident and Indemnity v. The Doe Run Resources Corp., 663 F.Supp.2d. 771, 774 (E.D.Mo. 2009) quoting Johnson, supra. (quotation and citation omitted).  When ruling on a Rule 12(b)(1) motion, a court may consider materials outside the pleaded allegations of the complaint.  Osborn, at 730.  Moreover,

> "the trial court is free to weigh the evidence and satisfy itself as the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."

Osborn, at 730.  "Jurisdictional issues, whether the involve questions of law or of fact, are for the court to decide."  Id., at 729.

Since "there is no statutory procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Johnson v. United States, at 964 (citation omitted). The trial court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Johnson, at 965 (citation omitted). Where parties have had ample opportunity to be heard through affidavits, briefs, and other documents, an evidentiary hearing is not required. Johnson, at 964.

The Court has carefully reviewed the parties' pleadings, the submitted exhibits, and the relevant caselaw, and will grant the defendant's motion to dismiss.

## Website and Marketing of Products - Rule 12(b)(6)

The plaintiff's complaint alleges that a website maintained by a German company, KBL-Solarien AG, infringes the plaintiff's trademark rights by using plaintiff's alleged trademark MEGASUN in the "marketing, promoting, advertising, distributing and selling tanning beds on its websites and elsewhere . . .". Nowhere does the complaint allege that any website controlled or maintained by the named defendant, KBL America, infringes the plaintiff's trademark rights. Nowhere does the complaint allege any type of agency relationship or corporate parent-subsidiary relationship between KBL-Solarien AG and defendant which might provide minimal support for impugning liability for the subject website on defendant.[1] The complaint is totally barren of any allegation that defendant has any interest in or control over KBL-Solarien AG's website.

Defendant, on the other hand, has submitted the declaration of Christian Hartman, CEO of defendant, attesting that the two entities are completely separate corporate entities. Hartman Declaration, Defendant's Exhibit A. KBL-Solarien AG is a German corporation headquartered in Dernbach, Germany. Defendant is a Missouri corporation headquartered in O'Fallon, Illinois. KBL-Solarien AG is the majority stockholder in KBL America. Defendant does not own or have any controlling interest in KBL-Solarien AG. Defendant maintains its own website at www.kblsunbeds.com.

---

[1] However, it does appear that defendant concedes a parent-subsidiary relationship between itself and KBL-Solarien AG. *See*, Defendant' Motion to Dismiss [8], pg. 6.

Plaintiff does not dispute this lack of corporate identity nor does it dispute the fact that defendant has no control or any relationship regarding the offending website. Its response provides no factual argument or legal argument whatsoever for holding defendant liable for another corporation's website content.

As for marketing and distributing for sale products with the MEGASUN trademark, defendant contends that all of its products are marketed only under its name, KBL America. It has submitted copies of its promotional brochures all showing only the KBL America name. Nowhere is the MEGASUN trademark visible on products or anywhere in the brochure(s). Defendant's Exhibit B. It avers that KBL-Solarien AG does hold trademark rights to the name "MEGASUN" via European trademark licensing. Defendant's Exhibit C.

Plaintiff does not dispute the fact that KBL-Solarien AG holds trademark rights to "MEGASUN" via European trademark licensing. Instead, plaintiff simply reiterates its allegation that defendant markets and sells tanning beds/booths in the United States (a fact that the defendant does not dispute; however, only under the KBL American name). It further contends that "proof" that defendant does market and sell tanning beds/booths with plaintiff's trademark exists. This "proof" is 1) a webpage which displays the unauthorized use of the plaintiff's trademark; and 2) a photograph of a tanning booth with the defendant's name and the unauthorized use of the plaintiff's trademark.

As for the webpage[2], plaintiff's own exhibit shows that the website is one maintained and controlled by another entity with no relationship to defendant. Plaintiff's printout clearly shows that the website address is: www.phillytans.com. Plaintiff's Exhibit 1. The registrant of this website/domain name is Philadelphia Tanning Studios, Inc., not KBL America. Defendant's Document [13], Exhibit A. There is no corporate relationship between Philadelphia Tanning Studios and defendant; i.e., no parent-subsidiary relationship, no agency relationship, no corporate

---

[2] It appears that plaintiff has abandoned its attempt to hold defendant responsible for KBL-Solarien AG's website by now offering another website it allegedly believes is within defendant's control.

control by either entity over the other entity. Defendant's Document [13], Exhibit B -Declaration of Christian Hartman.

Plaintiff does not dispute the fact that this is not a website maintained or controlled by defendant. Plaintiff offers no factual argument or legal argument for holding defendant responsible for another corporation's website content.

In summary, plaintiff has offered no factual or legal basis for stating any trademark infringement claim against defendant based upon a website owned, controlled, and/or maintained by another corporate entity separate and distinct from the defendant.[3]

As for the photographs submitted by the plaintiff, they simply fail to meet even the minimal standard for reliable evidence to be considered in connection with a dispositive motion. Plaintiff has submitted two (2) photographs purporting to be a tanning bed/booth manufactured and/or sold by defendant bearing the plaintiff's trademark "MEGASUN". The first photograph was submitted with plaintiff's response to the instant summary judgment motion. It is a "photograph of a tanning bed" purportedly with defendant's name and plaintiff's trademark "MEGASUN" on it. Plaintiff's Response [11], Exhibit 2. Plaintiff fails to state where the alleged photograph was taken, when it was taken, by whom it was taken or how it came into the plaintiff's possession. There is no accompanying affidavit as to its authenticity as being "an accurate representation of the thing depicted as it appeared at the relevant time." Schmidt v. Bella Villa, 557 F.3d. 564, 569 (8th Cir. 2008). The photograph itself lacks any indicia of reliability as to time and content. The name barely visible on this tanning bed appears to read simply as "KBL" which is inconclusive as being a product manufactured or sold by defendant KBL-America. Defendant KBL-America has provided undisputed evidence that KBL-Solarien AG is the record owner of trademark and service mark registrations for MEGASUN in a variety of jurisdictions around the world, and thus, properly uses that trademark to market its goods and/or services in those marketing areas. Plaintiff has provided little, if any, foundation to

---

[3]Interestingly, it appears that plaintiff is aware of KBL-Solarien AG's existence and the possibility that it (as opposed to defendant KBL America) may be a tortfeasor. "At some point Plaintiff may elect to pursue any claims it might have against KBL-Solarian AG**[sic],** but at this point in time it chooses to leave that battle for another day." Document [11], pg. 5.

6

authenticate this photograph as representing a tanning bed manufactured and/or sold by defendant KBL-America in the United States. This Court finds Plaintiff's Exhibit 2 to be lacking in any indicia of reliability, inadmissible, and will not be considered in support of the plaintiff's argument(s) in challenging the instant motion.

Plaintiff's second photograph was submitted after defendant's reply was filed in which the defendant pointed out the (fatal) flaws of the admissibility of plaintiff's Exhibit 2 photograph. Plaintiff supplemented his response with a combination exhibit of a series of emails between himself and a "Kison" regarding an allegedly defective vibrating plate for a stand-up tanning booth; and a photograph of the alleged tanning booth that is the subject of the emails. Plaintiff's Supplemental Response [14] with attached exhibit(s). Ronald Poe, President of plaintiff Megasun, Inc., attests that he engaged in this email exchange between November 19, 2010 and December 16, 2010. He further attests that he has never sold a tanning bed to "Kison" (purportedly the owner of a "LA Tanning Co." franchise in Chicago, Illinois.). Finally, Poe attests that "the attached photograph is a true and accurate photograph of the standup tanning booth that Defendant is believed to have sold to Kison." Plaintiff's Supplemental Response [14] with attached Poe Affidavit.

Once again, plaintiff has failed to set forth a sufficient foundation for the authenticity of the photograph, especially in connection with any action by the defendant as alleged in the plaintiff's complaint. Firstly, the timing of this exhibit is suspect. The email dated December 16, 2010 refers to prior emails and photographs which presumably were sent as early as November 19, 2010; however, plaintiff did not reference this email exchange nor provide this photograph with his response of November 22, 2010. Furthermore, plaintiff sought leave to file this supplemental response on December 14, 2010 - two (2) days prior to receipt of the last two email exchanges.

Furthermore, again the photograph itself lacks any indicia of reliability. Mr. Poe did not take this photograph and he failed to (and cannot) attest when the photograph was taken, where the photograph was taken, and by whom the photograph was taken. Thus, he cannot properly attest that this photo is a "true and accurate photograph" of a tanning booth sold in violation of

7

plaintiff's trademark rights. Furthermore, Mr. Poe attests only that the photograph is of a "standup tanning booth that Defendant **is believed to have sold to Kison** (emphasis added)." Plaintiff's Supplemental Response [14] - Poe Affidavit.

Finally, in this photograph, one can barely discern the name "KBL". Again, as with the first photograph, this is inconclusive as to any connection to defendant KBL-America since KBL-Solarien AG markets tanning beds/booths with the trademark "MEGASUN" in various locales. There is no indicia whatsoever where the tanning booth in this photo was bought or from whom. There is no identifying mark on the photograph that this is a tanning booth bought by "Kison" for use in a franchise known as "LA Tanning". Defendant KBL-America concedes that it did sell a vibra plate to a "Kison Patel" but that said plate was clearly marked with the KBL-America insignia; and, defendant KBL-America has never sold a vibra plate with the trademark "MEGASUN". Declaration of Jason McCoy (President of Operations for defendant KBL-America). This Court finds Plaintiff's Supplemental Response Exhibit to be lacking in any indicia of reliability, inadmissible, and will not be considered in support of the plaintiff's argument(s) in challenging the instant motion.

In summary, plaintiff has offered nothing but the allegations of his complaint and mere speculation to challenge the instant motion as to any website or alleged sales of offending merchandise by defendant KBL-America which violate plaintiff's alleged trademark rights. He has failed to offer even a minimal set of facts which would support his claims for relief.

Furthermore, if this Court were to view the instant motion as one for summary judgment, plaintiff's challenge woefully fails. Its' "statement of uncontested material facts" is nothing more than a recitation of the allegations in the complaint. Defendant has no present obligation to respond to each allegation in the complaint as it has not yet filed an answer to the complaint.[4] Thus, these allegations are not deemed "admitted". Furthermore, whereas defendant has provided evidence to support its motion; plaintiff has failed to provide any acceptable evidence to support its allegations.

---

[4]The time to file an answer is tolled by the filing of the instant motion challenging the Court's jurisdiction.

Finally, plaintiff contends, both in its initial response and in the Poe Affidavit, that "vigorous discovery" is necessary to ascertain plaintiff's damages. Interestingly, plaintiff does not contend that discovery is needed to support the allegations of his complaint regarding the offending website(s) and defendant marketing its products with plaintiff's trademark. Thus, the Court must presume that plaintiff has nothing more than what it has already offered to support its allegations. Furthermore, if plaintiff was unable to properly address the merits of the instant motion, especially if considered as a summary judgment motion, then plaintiff should have filed a Rule 56(f) motion. If a party opposing a summary judgment motion believes it cannot effectively challenge said motion due to inadequate time to conduct discovery, the party may seek relief pursuant to Rule 56(f) Fed.R.Civ.P. Rule 56(f) states that a court may deny a summary judgment motion, order a continuance to enable discovery to be taken, or issue any other order it deems necessary. Thus, Rule 56(f) contemplates that summary judgment is only proper if the nonmovant has had adequate time for discovery. Pony Computer, Inc. v. Equus Computer Systems of Missouri, 162 F.3d. 991, 996 (8th Cir. 1998) *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To obtain a continuance to conduct discovery in connection with a summary judgment motion under Rule 56(f), "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Johnson v. United States, 534 F.3d. 958, 965 (8th Cir. 2008); Burris, et. al. v. Versa Products, 2009 WL 316483, *6 (D.Minn. 2009)(*citing* Johnson, *supra.*)[5]; Lafont v. State Farm and Casualty Company, 2009 WL 1485332, *1 (E.D.Mo. 2009)(*citing* Johnson, *supra.*); Avila v. CNH America, L.L.C., 2009 WL 151600 (D.Neb. 2009)(*citing* Johnson, *supra.*). "The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirit of liberality." United States *ex. rel* Bernard v. Casino Magic Corp., 293 F.3d. 419, 426 (8th Cir.

---

[5]Although the Court prefers to cite published opinions, it will cite certain unpublished district court opinions which it finds extremely helpful and insightful as to the analysis and application of Rule 56(f).

2002) *quoting* 10B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane: **Federal Practice and Procedure: 3d. §2740** (1998).  Plaintiff, to date, has never filed a Rule 56(f) motion.

## **Billboard - Rule 12(b)(1)**

Plaintiff contends that it is entitled to damages for a billboard that was erected in St. Clair County, Illinois which advertises a spa using the name "megaSun Tan Spa by KBL".  In support of this allegation, plaintiff has provided a photograph of said billboard.  Plaintiff's Document [11], Exhibit 3.

Defendant contends that the alleged billboard was on a short-term lease that ended in February 2010; that the lease for the offending billboard was not renewed; and that the spa opened under the name of "GLO SUN SPA" and has continuously operated under that name.  It argues that since the offending billboard and contents were removed approximately seven (7) months prior to the filing of the instant lawsuit, the controversy over said billboard is mooted.  Plaintiff argues that even if the billboard is no longer in controversy, since the defendant concedes that it once existed, it is entitled to damages.

Firstly, once again the photograph exhibit of the alleged billboard lacks any indicia of authenticity.  There is no affidavit by anyone as to the taking of this photograph and there is no averment whatsoever in the complaint or plaintiff's responsive pleading as to when the photograph was taken and the circumstances of the taking of the photograph.  However, since the defendant does not dispute the photograph; i.e. that it is an accurate representation of the billboard in dispute, the Court will accept the photograph and give it whatever weight the Court deems appropriate.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. Americans United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d. 406, 420-21 (8th Cir. 2007); Haden v., Pelofsky, 212 F.3d. 466, 469 (8th Cir. 2000);  Missouri ex. rel. Nixon v. Craig, 163 F.3d. 482, 484 (8th Cir. 1998). The controversy must exist throughout the litigation; otherwise, the case or controversy is considered moot. Americans United for Separation of Church and State, at 421; Haden v. Pelofsky, at 469.  "'It is of no consequence that the controversy was live at earlier stages in this case; it must be live when

we decide the issues. When, during the course of litigation, the issues presented in a case `lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Haden v. Pelofsky, at 469 (internal citations omitted).

Generally, the voluntary cessation of the allegedly illegal conduct does not deprive a federal court of jurisdiction to hear and determine the case. Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 189 (2000) *quoting* City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982); Americans United for Separation of Church and State, at 421 (*quoting* Aladdin's Castle, *supra.*); *see also*, Young v. Hayes, et.al., 218 F.3d. 850, 852 (8th Cir. 2000)(*quoting* Friends of the Earth, *supra.*). However, an exception to this rule exists wherein:

> "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation . . it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law."

St. Louis Firefighters Association Intern'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, 96 F.3d. 323, 329 (8th Cir. 1996) *quoting* County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); St. Bernard's Hospital, et. al. v. Thompson, 193 F.Supp.2d. 1097, 1108 (E.D.Ark. 2002) (*citing* Davis, *supra.*). The defendant faces a heavy burden of showing that "subsequent events make it absolutely clear that the alleged wrong behavior could not be reasonably expected to reoccur." Friends of the Earth, 528 U.S. at 170; *see also*, American for Separation of Church and State, at 421; Young v.Hayes, at 852.

Here, it is undisputed that at the time plaintiff filed his lawsuit, the offending billboard no longer existed (and hadn't for approximately seven months) and the advertised spa had opened and was operating under a name with no connection whatsoever to "MEGASUN". There is no evidence before the Court which indicates that any subsequent billboard has been leased or erected by the defendant bearing the alleged trademark "MEGASUN". There is no evidence before the Court nor has the plaintiff alleged that any spas operated or presently operate under the name "MEGASUN".

11

The alleged infringing content of the subject billboard had been eradicated at the time this lawsuit was filed; thus, the request for injunctive relief is clearly mooted.  Plaintiff, however, argues that he is still entitled to "damages" the "[P]laintiff has sustained due to Defendant's misappropriation of Plaintiff's trademark."  Document [11], pg. 6.  Plaintiff further contends that without "vigorous discovery" plaintiff cannot ascertain "just how much of its tanning business the Defendant has damaged."

In its complaint, plaintiff fails to identify its "damages" other than generalized language of loss of "goodwill and reputation".  The complaint does not alleged that the plaintiff lost sales, or that defendant KBL America enjoyed profits, as a result of the content or placement of the billboard.  Plaintiff has not challenged this dispositive motion with any evidence of lost profits due to the billboard or the operation of the advertized spa under the name "GLO SUN SPA".  Finally, as noted before, plaintiff filed this lawsuit approximately seven (7) months after the content of the subject billboard was removed, time enough to ascertain some, if any, damages associated with the billboard.  Furthermore, again, plaintiff had the opportunity but failed to file any Rule 56(f) motion seeking time to conduct additional discovery in connection with the instant motion.

The Court finds that the defendant has met its burden under the <u>Davis</u> test, and this case is moot.  Plaintiff has essentially challenged the instant motion with nothing more than its allegations as contained in its complaint. Its' "evidence" lacks any indicia of reliability.  It failed to seek any additional time for discovery pursuant to Rule 56(f) Fed.R.Civ.P.  Defendant's motion to dismiss will be granted pursuant to Rules 12(b)(1) and 12(b)(6) Fed.R.Civ.P.

Dated this __17th__ day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE